# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LLOYD C. JUDD,**

                    **Plaintiff,**

**-vs-**                                                  **Case No. 6:11-cv-526-Orl-28DAB**

**MARSHALL PECK,**

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **April 4, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **dismissed**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district

court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007).  Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.  Applied here, the Complaint does not meet this standard.

The Complaint names "Marshall Peck, CEO of Interpack, et. al" as Defendant, is four sentences long and states, in its entirety:

> That Marshall Peck, CEO Interpack did allow discrimination against me because of my mental illnesses while I was employed at Interpack. Marshall Peck retaliated against me for reporting fiscal wrongdoing and I was wrongly terminated. The EEOC Miami Office has issued me a Notice of Right letter in EEOC Charge of Discrimination 846-2009-12381. I request $1,000,000.00 in damages.

-2-

(Doc. No. 1).

The Complaint does not meet the pleadings standards, in that it presents no factual basis for the claim, but only legal conclusions. More importantly, the Complaint fails to state a viable cause of action within the limited jurisdiction of this Court. The Complaint, liberally construed, appears to assert a cause of action against Peck for violation of Plaintiff's rights under the Americans with Disabilities Act ("the ADA"). It can also be construed as an attempt to state a cause of action against Peck for retaliation, perhaps under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Peck is identified only as the CEO of a corporation. Regardless of whether the Complaint is under the ADA, Title VII, or both, as the Complaint seeks to impose individual liability, such an action is not available. As the Eleventh Circuit has explained:

> The anti-discrimination provision of Subchapter I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "covered entity" means "an employer, employment agency, labor organization, or joint labor-management committee." Id. § 12111(2).
>
> The ADA's definition of "employer" is similar to that under Title VII and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and this court has held that neither of those Acts countenance individual liability. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996). In light of our construction of Title VII and the ADEA, we also have held that individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA. *Id.*

*Albra v. Advan, Inc*., 490 F.3d 826, 829 -830 (11th Cir. 2007) (affirming dismissal of ADA claim against individual corporate officers "because individual liability is precluded for violations of the ADA's employment discrimination provision."). As there are no facts pled which would serve to make the individual liable here, no cause of action is cognizable on these bare allegations.

As Plaintiff has failed to state a cause of action within the limited jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed** as

frivolous in that sense. As it is possible that the Plaintiff may be able to state a cognizable cause of action within the jurisdiction of this Court, the dismissal should be without prejudice to the refiling of an Amended Complaint that meets the pleading standard as to each claim asserted, and renewal of the motion to proceed *in forma pauperis,* if appropriate.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 7, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy