**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LLOYD C. JUDD,**

        **Plaintiff,**

**-vs-**                                                                         **Case No.  6:11-cv-526-Orl-28DAB**

**INTERPARK INC.,**

        **Defendant.**
_____

# ORDER

This cause is before the Court on the Motion to Dismiss Plaintiff's Second Amended Complaint and in the Alternative Motion for More Definite Statement (Doc. 29) filed by Defendant, Interpark Inc. ("Defendant").  Defendant asserts that the Second Amended Complaint (Doc. 28) filed by the *pro se* Plaintiff, Lloyd C. Judd ("Plaintiff"), is vague and conclusory and that Defendant cannot ascertain the basis of Plaintiff's claims.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S.

at 570).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Thus, wildly implausible allegations in the complaint should not be taken as true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Reviewing the Second Amended Complaint (Doc. 28) under these standards, the Court concludes that in Count I Plaintiff has sufficiently alleged a violation of the Americans with Disabilities Act ("ADA") to survive the motion to dismiss. A fair reading of the Second Amended Complaint is that Plaintiff is asserting that he was terminated due to his disability as evidenced by the fact that other, non-disabled employees who engaged in similar conduct as he were not terminated. Defendant has been provided with fair notice of the basis of this claim. However, Count II fails to state an actionable claim of retaliation. Plaintiff alleges that Defendant retaliated against him for "caus[ing] two internal corporate investigations . . . for fiscal improp[rie]ty (i.e. paying employees while they were not at work)." (Doc. 28 at 5). Plaintiff's activity of reporting such "fiscal impropriety" is not protected under the ADA, and Plaintiff has not identified any other statute under which it is allegedly protected. Count II fails as a matter of law.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss Plaintiff's Second Amended Complaint and in the Alternative Motion for More Definite Statement (Doc. 29) filed by Defendant is **GRANTED in part** and **DENIED in part**. The motion is **granted**

insofar as it seeks dismissal of Count II of the Second Amended Complaint and is otherwise **denied**. Count II is hereby **DISMISSED with prejudice**.

    **DONE** and **ORDERED** in Orlando, Florida this 30th day of October, 2011.

                                      JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party